UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD EDWIN HOWARD,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:24-cv-00363-CDB (SS)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING ACTION PURSUANT TO SENTENCE FOUR OF 42 U.S.C. §405(g)

(Doc. 13)

Plaintiff Richard Edwin Howard ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability benefits under the Social Security Act ("SSA" or "Act"). (Doc. 1). The matter is before the Court on the Administrative Record (Doc. 10, "AR") and the parties' briefs (Docs. 13, 19), which were submitted without oral argument.[1]

## I. BACKGROUND

### A. Administrative Proceedings and ALJ's Decision

On July 20, 2021, Plaintiff filed applications pursuant to Title II and Title XVI for disability and disability insurance benefits and supplemental security income, with an alleged disability onset

---

[1] Following the parties' expression of consent to the jurisdiction of a U.S. Magistrate Judge for all further proceedings pursuant to 28 U.S.C. § 636(c)(1), this action was reassigned to the undersigned. (Doc. 20).

date of April 15, 2019. (AR 275-291). Plaintiff's claim was initially denied on November 19, 2021, and again upon reconsideration on March 7, 2022. (AR 175-186). Plaintiff requested a hearing before an Administrative Law Judge on April 12, 2022. (AR 195-197). Michael Radensky, the Administrative Law Judge ("ALJ"), held a telephone hearing on March 20, 2023, during which Plaintiff, with representation by his attorney, Rachel Cohen, and impartial vocational expert Valerie Williams ("VE") testified. *Id.* The ALJ issued an unfavorable decision on April 7, 2023, finding that Plaintiff was not disabled. (AR 28). The Appeals Council denied Plaintiff's request for review on January 30, 2024, rendering the ALJ's decision as the final decision of the Commissioner. (AR 1-6). Plaintiff subsequently filed this action seeking judicial review of the ALJ's decision. (Doc. 1).

In the decision, the ALJ considered Plaintiff's claims using the five-step sequential evaluation required by 20 C.F.R. §§ 404.1520(a) and 416.920(a). (AR 23). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 15, 2019, the alleged onset date. (AR 23).

At step two, the ALJ found that Plaintiff had the following severe medically determinable impairments ("MDIs") which significantly limit the ability to perform basic work activities as required by Social Security Ruling ("SSR") 85-28: degenerative disc disease of the lumbar spine; obesity; left shoulder impairment; glaucoma; and pseudophakia. *Id.* The ALJ determined that Plaintiff's osteoporosis and right knee and ankle pain were not medically determinable impairments. (AR 24).

At step three, the ALJ found that Plaintiff did not have an impairment, or any combination of impairments, that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 24).

Prior to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), limited as follows:

> [H]e can do occasional postural activities except no climbing ladders, ropes, or scaffolds; he cannot work at unprotected heights, he can frequently reach overhead with the left upper extremity; and must avoid work requiring precise binocular vision and depth perception.

(AR 24).

In considering Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence, the ALJ noted he followed the two-step process as set forth in 20 C.F.R. §§ 404.1529 and 416.929, and SSR 16-3p. *Id.* The ALJ summarized Plaintiff's hearing testimony:

> [Plaintiff] testified to having back pain and vision problems with associated headaches. He correlates the vision problems with eye injuries from an assault in February 2020 and he recounted a history of approximately three eye surgery procedures. He contended that exposure to sunlight made his vision blurry and caused a headache, regardless of whether he wore glasses. Concerning his back, he indicated that due to chronic low back pain, he had to get up slowly, had to sit after approximately five to ten minutes of standing in one place, leaned on a cart when moving through the grocery store and had diminished capacity for lifting and carrying. He spent most of the time in his room with the lights off, watching television and left the home about three to four times per week for approximately 60 to 90 minutes at a time, such as to run errands, go to medical appointments or go to the grocery store. He confirmed having a valid driver's license but denied driving since 2020. He confirmed he was able to manage his personal care independently and prepare food in a microwave. He endorsed taking out the trash, washing dishes, and doing his laundry.

(AR 25).

After acknowledging he considered the record of Plaintiff's hearing testimony, medical evidence, treatment history and notes, activities of daily living ("ADLs"), and prior administrative medical findings and treating sources, the ALJ determined that Plaintiff's MDIs could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of symptoms were inconsistent with the record. (AR 25-27).

At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work ("PRW") as a Core Analyst Laboratory Assistant, as generally performed. (AR 28) (citing 20 C.F.R. §§ 404.1565, 416.965). At step five, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs that exist in the national economy, specifically, forklift operator/industrial truck operator, and core analyst/laboratory assistant. (AR 28). The ALJ therefore concluded a finding of "not disabled" was appropriate under sections 216(i) and 223(d) of the Act from April 15, 2019, the alleged disability onset date, through the date of the decision.

*Id.* (citing 20 C.F.R. §§ 404.1520(f), 416.920(f)).

**B. Medical Record and Hearing Testimony**

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

## II. LEGAL STANDARD

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

The court will review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which she did not rely. Social Security Act § 205, 42 U.S.C. § 405(g). In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

A claimant must satisfy two conditions to be considered "disabled" and eligible for benefits within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id*.

At step three, the Commissioner compares the claimant's impairment to impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity," defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)).

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## III. <u>ISSUES AND ANALYSIS</u>[2]

Plaintiff seeks judicial review of the Commissioner's final decision denying his application and raises two issues (*see* Doc. 13 at 5):

1. Whether the ALJ's RFC is supported by substantial evidence of record; and
2. Whether the ALJ erred by failing to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptomology testimony.

### A. The ALJ's RFC is Not Supported by Substantial Evidence

#### 1. <u>Parties' Contentions</u>

Plaintiff argue that while the ALJ based the visual RFC determination on the opinion of

[2] Filings are referenced herein according to the associated CM/ECF-designated pagination.

reviewing, non-examining state agency physician Dr. DeSouza, whom the ALJ considered "persuasive" and who opined that Plaintiff should avoid work that requires precise binocular vision and depth perception, the ALJ erred in failing to account for all of Dr. DeSouza's concrete vision limitations. (Doc. 13 at 15). Plaintiff argues that once the ALJ credited the opinion of Dr. DeSouza as persuasive, he was required either to account for the concrete limitations assessed irrespective of the broader reasoning in support of the RFC or to explain why he rejected any of the assessed limitations. *Id.* Plaintiff notes that the limitation the ALJ adopted from Dr. DeSouza's statement appeared on a form co-located with other assessed concrete visual limitations the ALJ did not include in the RFC, including "limited" bilateral near and far acuity and a complete restriction to "avoid even moderate exposure" to "hazards." *Id.* (citing AR 144-145). Plaintiff characterizes this error as outcome determinative because Plaintiff's PRW (Laboratory Assistant) requires "frequent" and "near acuity" and had the additional limitations been imposed, the VE would have determined that Plaintiff could not perform the job. Plaintiff further asserts that as there was no determination of transferrable skills at step four or any findings at step five by the ALJ, a finding of non-disability at step four would not be supported by substantial evidence and Plaintiff would be found disabled. *Id.* at 17.

Plaintiff relatedly challenges the ALJ's failure to include Dr. DeSouza's complete limitation on "even moderate exposure" to "hazards" because an ALJ must explain why they are fail to include such an express limitation in the RFC despite accounting for exposure to machinery and heights. *Id.* Such discussion was necessary, according to Plaintiff, in order for the ALJ to consider the limitations and exposure of "common workplace hazards" that Plaintiff would face as a visually limited person, such as tripping over boxes or being unable to see approaching people or whether Plaintiff himself was an "apparent hazard" when walking or standing.

Defendant contends that substantial evidence supports the ALJ's assessment of Plaintiff's RFC. (Doc. 19 at 4). As to Plaintiff's argument that the ALJ improperly incorporated only the narrative portion of Dr. DeSouza's assessment, and not the "concrete" limitations, Defendant contends no authority supports the proposition that the ALJ's interpretation was not rational. *Id.* Defendant separately argues that any resulting error from an inadequately supported RFC is

harmless. *Id.* As to Plaintiff's argument that the ALJ erred by not fully incorporating the hazard limitation assessed by Dr. DeSouza, Defendant contends that the ALJ's inclusion in the RFC of a limitation from unprotected heights as well as visual limitations was sufficient. *Id.* at 5.

2. Governing Authority

A plaintiff's RFC is "the most [the plaintiff] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); *id.* § 416.945(a). The RFC assessment is an administrative finding based on all relevant evidence in the record, not just medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

In general, an ALJ must consider the limiting effect of all impairments, including those that are non-severe, in assessing a plaintiff's RFC. *See* 20 C.F.R. § 404.1545(a)(2); *id.* § 416.945(a)(2). However, the ALJ is not required to include limitations in the RFC if the record supports a conclusion that the non-severe impairments do not cause a significant limitation in the plaintiff's ability to work. *See Koshak v. Berryhill*, No. CV 17-6717-AFM, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018) (finding that the ALJ was not required to include insignificant mental impairment in Plaintiff's RFC since he provided reasons supported by substantial evidence to justify non-inclusion). If the ALJ "actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment [in the RFC determination], the ALJ has not committed legal error." *Medlock v. Colvin*, No. CV 15-9609-KK, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016); *see K.B. v. Comm'r of Soc. Sec.*, No. 24-cv-06218-VKD, 2025 WL 2780787, at *6 (N.D. Cal. Sept. 30, 2025) (finding the ALJ did not err because the ALJ specifically considered plaintiff's asthma in determining the RFC and concluded that it presented no more than mild functional limitations without any significant limitation on her ability to do basic work activities).

3. Analysis

The Court agrees with Plaintiff that the ALJ's failure to account for all of Dr. DeSouza's "concrete" vision limitations, after deeming his assessment "persuasive" and incorporating at least one or more of the assessed restrictions, constitutes reversible error under the facts and circumstances presented here. Specifically, the ALJ incorporated in the RFC Dr. DeSouza's

assessment that Plaintiff should avoid work requiring precise binocular vision and depth perception. (AR 28). But the ALJ neither incorporated other assessed limitations, nor explained whether and why he declined to incorporate the other limitations, nor acknowledged that Dr. DeSouza had assessed the additional limitations of limited bilateral near and far acuity. While the ALJ was not obligated to credit Dr. DeSouza's opinion, "once the ALJ did, the 'ALJ was under an obligation to account for the [moderate limitations assessed] irrespective of the broader reasoning in support of the RFC.'" *Garcia v. Commr. of Soc. Sec.*, No. 1:23-cv-00567-EPG, 2023 WL 8646729, at *3 (E.D. Cal. Dec. 14, 2023) (citing *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021)). While the ALJ may intentionally have omitted these other limitations and confined his positive assessment of Dr. DeSouza's opinion to the discrete restriction he incorporated in the RFC, the ALJ did not articulate any such rationale. *See Harrell*, 2021 WL 4429416, at *4 (citing *Bray v. Comm'r of Soc. Sec. Admin*., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.")).

The Court acknowledges that an RFC need not incorporate verbatim all limitations identified by a medical source deemed persuasive by the ALJ – so long as the restrictions incorporated are consistent with those limitations. *See Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1222–23 (9th Cir. 2010). Here, however, although Defendant contends that the RFC sufficiently accounted for Dr. DeSouza's limitations, Defendant does not persuasively rebut that the restrictions pertaining to precise binocular vision and depth perception fail to account for the other concrete limitations Dr. DeSouza identified (limited bilateral near and far acuity). Nor did the ALJ's inclusion of a general limitation from unprotected heights adequately account for (or otherwise address) Plaintiff's overarching need to avoid common hazards in the workplace aligned with Plaintiff's visual limitations. The ALJ also failed to account for Dr. DeSouza's visual limitations to include a complete restriction to "avoid even moderate exposure" to hazards. (AR 144-155). On this record, Defendant does not compellingly refute that the ALJ failed to either (1) translate the concrete limitations into the RFC or (2) address and explain the omission. That is

error. *See Betts v. Colvin*, 531 Fed. Appx. 799, 800 (9th Cir. 2013) (noting that when an ALJ credits an uncontradicted medical source statement, he must provide "specific and legitimate reasons" to disregard aspects of that opinion) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996)); *Chavarin v. Bisignano*, No. 1:25-cv-810-KES-EGC, 2026 WL 1747024, at *6-7 (E.D. Cal. June 17, 2026) (finding ALJ erred by failing to include in the RFC or otherwise address specific limitations identified by a medical source opinion the ALJ credited as "mostly persuasive" ), *F&R adopted by* 2026 WL 2171355 (July 28, 2026). This failure is not harmless because the limitations materially affect Plaintiff's RFC assessment and the resulting past relevant work "(PRW") determination.

**B. The ALJ Erred by Failing to Provide Clear and Convincing Reasons Supported by Substantial Evidence to Discount Plaintiff's Subjective Symptomology Testimony**

1. Parties' Contentions

Plaintiff contends the ALJ erred by failing to provide the requisite "clear and convincing reasons" to reject Plaintiff's severe vision symptomology when concluding that "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record". (Doc. 13) (citing AR 25). Plaintiff argues the ALJ erred by relying on purported inconsistencies in Plaintiff's testimony concerning his not wearing prescription glasses and not driving. Plaintiff maintains the ALJ wrongly rejected Plaintiff's testimony by failing to discuss the significant limitations of his vision, specifically Plaintiff's testimony regarding his inability to avoid common hazards and light sensitivity.

Defendant contends the ALJ was entitled to discount Plaintiff's symptomology testimony regarding his vision because it was inconsistent with record medical evidence and unidentified "nonmedical evidence." *Id.* at 6-8. Defendant concedes that the ALJ's apparent reliance on the fact of Plaintiff's lack of prescription glasses and possession of a driver's license as a basis to discount Plaintiff's vision symptomology was improper but not harmful error given other asserted grounds for the credibility assessment, including Plaintiff's testimony regarding headaches. *Id.* at

8. Defendant also disputes that the ALJ erred in failing to expressly address portions of Plaintiff's testimony regarding his inability to walk outside and navigate his home and the effects of exposure to light for certain durations given that, according to Defendant, the ALJ adequately accounted for Plaintiff's vision testimony in the RFC. *Id.*

2. Governing Authority

"In step two of the disability determination, an ALJ must determine whether the [plaintiff] has a medically severe impairment or combination of impairments." *Keyser v. Comm'r of Soc. Sec. Admin.,* 648 F.3d 721, 725 (9th Cir. 2011). A plaintiff has a severe impairment when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1522(a), 416.922(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, and carrying, and mental functions such as understanding and remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. §§ 404.1522(b), 416.922(b).

The ALJ is responsible for determining credibility,[3] resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). A plaintiff's statements of pain or other symptoms are not conclusive evidence of a physical or mental impairment or disability. 42 U.S.C. § 423(d)(5)(A); *see* SSR 16-3p, 2017 WL 5180304, at *2 ("an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability"); *see also Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007)

[3] SSR 16-3p applies to disability applications heard by the agency on or after March 28, 2016. Ruling 16-3p eliminated the use of the term "credibility" to emphasize that subjective symptom evaluation is not "an examination of an individual's character but an endeavor to "determine how symptoms limit [the] ability to perform work-related activities." SSR 16-3p, 2017 WL 5180304, at *3. Nevertheless, the Ninth Circuit continues to reference an ALJ's "credibility" assessment when reviewing claims that an ALJ impermissibly discounted a claimant's testimony. *See*, *e.g.*, *Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024).

("An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment.") (internal quotation marks and citation omitted); *Molina v. Astrue*, 674 F.3d 1104, 1104 (9th Cir. 2012) (same), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Determining whether a plaintiff's testimony regarding subjective pain or symptoms is credible requires the ALJ to engage in a two-step analysis. *Id.* at 1112. The ALJ must first determine if "the [plaintiff] has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal punctuation and citations omitted). This does not require the plaintiff to show that his impairment could be expected to cause the severity of the symptoms that are alleged, but only that it reasonably could have caused some degree of symptoms. *Smolen*, 80 F.3d at 1282.

If the first step is met and there is no evidence of malingering, "the ALJ must provide 'specific, clear and convincing reasons for' rejecting the [plaintiff's] testimony." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (*quoting Smolen*, 80 F.3d at 1281). *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (noting an adverse credibility finding must be based on "clear and convincing reasons"). The ALJ must make findings that support this conclusion, and the findings must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the plaintiff's testimony on permissible grounds and did not arbitrarily discredit the plaintiff's testimony. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

The Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the [plaintiff's] testimony, nor do they require ALJs to draft dissertations when denying benefits." *Stewart v. Kijakazi*, No. 1:22-cv-00189-ADA-HBK, 2023 WL 4162767, at *5 (E.D. Cal. Jun. 22, 2023), *findings and recommendations adopted*, 2023 WL 5109769 (Aug. 8, 2023); *see Record v. Kijakazi*, No. 1:22-cv-00495-BAM, 2023 WL 2752097, at *4 (E.D. Cal. Mar. 31, 2023) ("Even if the ALJ's decision is not a model of clarity, where the ALJ's 'path may reasonably be discerned,' the Court will still defer to the ALJ's decision.") (*quoting Wilson v. Berryhill*, 757 Fed. Appx. 595, 597 (9th Cir. 2019)). "The standard isn't whether our court is convinced, but instead, whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489,

494 (9th Cir. 2022) (the clear and convincing standard requires an ALJ to show his work).

The ALJ may consider numerous factors in weighing a plaintiff's credibility, including "(1) ordinary techniques of credibility evaluation, such as the [plaintiff's] reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the [plaintiff] that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the [plaintiff's] daily activities." *Smolen*, 80 F.3d at 1284. In evaluating the credibility of symptom testimony, the ALJ must also consider the factors identified in SSR 16-3P. *Id*. (citing *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991)). Accord *Bray*, 554 F.3d at 1226. These factors include:

> (1) Daily activities; (2) The location, duration, frequency, and intensity of pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3P, 2017 WL 5180304, at *7. *See* 20 C.F.R. § 404.1529(c)(3). If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing. *Tommasetti*, 533 F.3d at 1039 (citations and internal quotation marks omitted).

The clear and convincing standard is "not an easy requirement to meet," as it is "'the most demanding requirement in Social Security cases.'" *Garrison v. Colvin,* 759 F.3d 995, 1015 (9th Cir. 2014) (*quoting Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)). "A finding that a [plaintiff's] testimony is not credible must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the [plaintiff's] testimony on permissible grounds and did not arbitrarily discredit a [plaintiff's] testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

"The fact that a [plaintiff's] testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001). *See* 20 C.F.R. § 404.1529(c)(2) ("[W]e will not reject your

statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability solely because the objective medical evidence does not substantiate your statements."). Rather, where a plaintiff's symptom testimony is not fully substantiated by the objective medical record, the ALJ must provide additional reasons for discounting the testimony. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). "The ALJ must specify what testimony is not credible and identify the evidence that undermines the [plaintiff's] complaints – '[g]eneral findings are insufficient.'" *Id.* (*quoting Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

However, the medical evidence "is still a relevant factor in determining the severity of the [plaintiff's] pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Ninth Circuit has distinguished testimony that is "uncorroborated" by the medical evidence from testimony that is "contradicted" by the medical records and concluded that contradictions with the medical records, by themselves, are enough to meet the clear and convincing standard. *Hairston v. Saul*, 827 Fed. Appx. 772, 773 (9th Cir. 2020) (*quoting Carmickle*, 533 F.3d at 1161).

3. <u>Analysis</u>

After finding that Plaintiff's impairments could reasonably be expected to cause some of his alleged symptoms, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the record. *Id.*; *see Treichler*, 775 F.3d at 1103 (noting that ALJs "routinely include this [boilerplate] statement in their written findings as an introduction ... before [identifying] what parts of the claimant's testimony were not credible and why."). Plaintiff contends that the ALJ failed to provide clear and convincing reasons to discount his symptomology stemming from his vision impairments. *See* (Doc. 13 at 21-22).

Importantly, the ALJ did not discount Plaintiff's symptomology testimony on the grounds that it was *contradicted* by the medical record; rather, he concluded that the testimony was not fully corroborated by the medical record. *See* (AR 25) ("The claimant's allegations in various statements of record about his impairments, activities, and the intensity, persistence and limiting effects of his symptoms are generally consistent with his testimony. … However, [they] are not entirely

consistent with the medical evidence and other evidence of record."); *see Maria D. G. v. Bisignano*, No. No. 5:25-cv-01189-KES, 2026 WL 181212, at *3 (C.D. Cal. Jan. 22, 2026) ("a lack of objective support is different from inconsistent symptom reporting"). Thus, for instance, the ALJ noted that Plaintiff's claims to "significant ongoing headaches" were not supported by the medical record. *Id.* But even assuming the ALJ permissibly relied on his conclusion that objective medical findings do not fully corroborate Plaintiff's testimony, his credibility determination is erroneous because he neither provided additional valid reasons outside the medical record for discounting the testimony nor connected the testimony he deemed not credible with associated evidence. *Burch*, 400 F.3d at 680.

The Court finds, and Defendant concedes (*see* Doc. 19 at 8), that the ALJ improperly discounted Plaintiff's credibility on the grounds that his admission to not wearing prescription glasses somehow conflicts with his claim to having an optometry appointment, and likewise erred in relying on a purported inconsistency between Plaintiff's claim to not drive and possession of a driver's license. (AR 25). Plaintiff explained that, at the time of his testimony, his current prescription needed renewing after his vision surgery (AR 53), yet the ALJ fails to acknowledge this reasonable explanation for not wearing prescription eyeglasses. And there is no inconsistency between possessing a driver's license but not driving. Beyond those erroneous reasons, the ALJ identifies no other grounds outside the medical record to discount Plaintiff's testimony. Thus, the ALJ's failure to credit Plaintiff's testimony was erroneous because "[t]he fact that a [plaintiff's] testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it." *Vertigan,* 260 F.3d at 1049; *e.g., Zinobia v. Berryhill*, No. 2:17-cv-08427-MAA, 2019 WL 13032522, at *6 (C.D. Cal. Jan. 29, 2019) ("Even assuming this reason is supported by the record … [s]tanding alone, a reason based on lack of objective medical evidence is insufficient to support the assignment of little weight to a [Plaintiff's] subjective symptom allegations.") (citing *inter alia Burch*, 400 F.3d at 681).

* * * * *

In sum, the ALJ failed to provide specific reasons supported by substantial evidence for not incorporating Dr. DeSouza's assessed limitations into the RFC, and further, failed to provide

clear and convincing reasons for discounting Plaintiff's symptom testimony. While an ALJ's error may be harmless where he provides valid reasons for disbelieving a claimant's testimony in addition to invalid reasons (*Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing cases)), here the ALJ provided no valid reasons for rejecting Plaintiff's visual symptomology or for the failure to incorporate Dr. DeSouza's assessments. For the reasons stated above, these errors are not harmless.

**C. Remedy**

Plaintiff requests payment of benefits or this case be remanded for further proceedings and a new decision. (Doc. 13 at 25). "The decision whether to remand for further proceedings or simply to award benefits is within the discretion of court." *Trevizo*, 871 F.3d at 682 (*quoting Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (emphasis omitted) (9th Cir. 2004).

The Court concludes that remand for further proceedings is warranted because additional administrative proceedings may remedy the deficiencies in the ALJ's decision noted herein. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

**IV. <u>CONCLUSION AND ORDER</u>**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 13) is GRANTED;
2. The ALJ's decision (Doc. 10) is REVERSED;
3. The matter is REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this decision; and

///

///

///

///

4. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant and to then close this case.

IT IS SO ORDERED.

Dated: **October 22, 2026**

UNITED STATES MAGISTRATE JUDGE